UNITED STATES DISTRICT COURT

__NORTHERN__ DISTRICT OF __ILLINOIS, EASTERN DIVISION__

UNITED STATES OF AMERICA

v.

RAFAEL SOTO-TAPIA
also known as Antonio Garcia-Marines

CRIMINAL COMPLAINT

CASE NUMBER: 08CR 377

MAGISTRATE JUDGE NOLAN

**FILED**
5-10-08
MAY 10 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

I, the undersigned complainant, being duly sworn on oath, state that the following is true and correct to the best of my knowledge and belief. On or about April 26, 2008, in Woodstock, Illinois, in the Northern District of Illinois, Western Division, RAFAEL SOTO-TAPIA, defendant herein,

> being an alien, who previously had been deported and removed from the United States on or about January 8, 2003, was present and found in the United States without previously having obtained the express consent of the United States Attorney General, and at anytime after February 28, 2003, from the Secretary of the Department of Homeland Security, for reapplication by defendant for admission into the United States;

in violation of Title 8, United States Code, Section 1326(a); and Title 6, United States Code, Section 202(4). I further state that I am a Deportation Officer with the U.S. Immigration and Customs Enforcement ("ICE") and that this complaint is based on the facts contained in the Affidavit which is attached hereto and incorporated herein.

X _____
Signature of Complainant
FRANCISCO TREVINO
Deportation Officer, U.S. Immigration and Customs Enforcement

Sworn to before me and subscribed in my presence,

May 10, 2008                               at  Chicago, Illinois
Date                                           City and State

NAN R. NOLAN, U.S. Magistrate Judge          Nan R. Nolan
Name & Title of Judicial Officer             Signature of Judicial Officer

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) SS |
| COUNTY OF COOK | ) |

I, Francisco Trevino, on oath state as follows:

1. I am a Deportation Officer with the United States Department of Homeland Security, Border and Transportation Security Directorate, U.S. Immigration and Customs Enforcement ("ICE"). I have been employed by this agency, or the legacy Immigration and Naturalization Service ("INS"), for more than seven (7) years. I am currently assigned to the Chicago, Illinois, ICE Office.

2. In my employment, I am assigned to investigate alleged violations of the Immigration and Nationality Act, including activities which constitute the illegal re-entry of aliens into the United States after such aliens have previously been lawfully deported from the United States.

3. This affidavit is made in support of the attached complaint and therefore contains only a summary of the relevant facts. I have not included each and every fact known by me concerning the individuals and events described herein. The information contained in this affidavit is based on my firsthand knowledge, review of ICE records, and information provided by other law enforcement officers and witnesses.

4. The defendant, RAFAEL SOTO-TAPIA, also known as Antonio Garcia-Marines, is a citizen of Mexico who is not a legal permanent resident or a citizen of the United States.

5. I have reviewed the ICE service file for RAFAEL SOTO-TAPIA (please note that the ICE file uses the name Antonio Garcia-Marines as the defendant's true name), alien registration number A78-181-382, and have learned that on September 14, 2000, in Santa Cruz

County, California, SOTO-TAPIA was convicted of a felony offense in case number S9-10270. SOTO-TAPIA was sentenced to 3 years incarceration in the California Department of Corrections.

6. According to the ICE service file for RAFAEL SOTO-TAPIA, SOTO-TAPIA entered the United States illegally on or about January 1, 1994, at or near San Ysidro, California. SOTO-TAPIA was deported from the United States to Mexico on or about January 8, 2003, under the name Antonio Garcia-Marines. Prior to SOTO-TAPIA's deportation on January 8, 2003, SOTO-TAPIA was served with Form I-294 (Notice of Court to which Deportation has been directed and Penalty for Reentry without Permission), which warned him of the criminal penalties for reentering the United States without permission of the Attorney General. SOTO-TAPIA, however, entered the United States illegally in or about 2003 at or near Calexico, California.

7. On April 24, 2008, the McHenry County Jail notified ICE that SOTO-TAPIA was in custody in Woodstock, Illinois. On April 26, 2008, I and other agents took SOTO-TAPIA into administrative custody for immigration violations in Woodstock, Illinois. On April 29, 2008, I obtained fingerprints and photographs of SOTO-TAPIA while SOTO-TAPIA was being administratively processed for deportation.

8. I compared the photographs taken of SOTO-TAPIA on April 29, 2008, with the photographs taken from SOTO-TAPIA's prior deportation on January 8, 2003, and determined that the photographs relate to the same individual. Additionally, SOTO-TAPIA's fingerprints were identified through Integrated Automated Fingerprint Identification System ("IAFIS") after being fingerprinted as a citizen of Mexico who had been deported from the United States under the name Antonio Garcia-Marines on January 8, 2003.

9. I also compared the photographs taken of SOTO-TAPIA on April 29, 2008, with the photographs taken of SOTO-TAPIA while he was in the custody of the California Department of Corrections and determined that the photographs relate to the same individual. Additionally, SOTO-TAPIA's fingerprints were identified through IAFIS after being fingerprinted for his arrest on March 10, 2000, in Santa Cruz, California, prior to his conviction.

10. I have reviewed the ICE service file for the defendant and there is no evidence that the defendant applied for permission of the Attorney General or Secretary of Homeland Security to reenter the United States and no evidence that the Attorney General or Secretary of Homeland Security granted the defendant permission to reenter the United States.

11. After ICE administrative processing on April 29, 2008, SOTO-TAPIA was advised of his constitutional rights as per Miranda, and agreed to answer questions without an attorney present. During questioning, SOTO-TAPIA stated that his true name is Rafael SOTO-TAPIA and admitted to using different names while living in the United States. SOTO-TAPIA stated that he was previously convicted of a crime, and that he was deported from the United States to Mexico. SOTO-TAPIA admitted that he reentered the United States without the permission of the Secretary of Homeland Security, or his predecessor the United States Attorney General, after his deportation. SOTO-TAPIA also stated that he illegally reentered the United States at or near Calexico, California.

12.  Based upon the foregoing, I submit that there is probable cause to believe that SOTO-TAPIA is in the United States in violation of Title 8, United States Code, Section 1326(a), in that he reentered the United States without permission after being deported.

FURTHER AFFIANT SAYETH NOT.

FRANCISCO TREVINO
Deportation Officer,
U.S. Immigration and Customs Enforcement

SUBSCRIBED AND SWORN to before me on May 10, 2008.

NAN R. NOLAN
United States Magistrate Judge