

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 08 CR 377 |
| v. | ) |
| | ) Judge Charles P. Kocoras |
| RAFAEL SOTO-TAPIA | ) |

FILED
AUG 20 2008
Judge Charles P. Kocoras
United States District Court

### DEFENDANT RAFAEL SOTO-TAPIA'S PLEA DECLARATION

The defendant, RAFAEL SOTO-TAPIA, after extensive consultation with his attorney, BETH W. GAUS, acknowledges and states the following:

1. He has been charged by indictment with one count of illegal reentry, in violation of 8 U.S.C. § 1326.

2. He has read the charge against him contained in the indictment, and that charge has been fully explained to him by his attorney.

3. He fully understands the nature and elements of the crime with which he has been charged. More specifically, it is Mr. Soto-Tapia's understanding that the following are the elements of illegal reentry, 8 U.S.C. § 1326, which the government would have to prove if this case proceeded to trial:

   (a) the defendant was previously deported and removed from the United States,

   (b) the defendant was present and found in the United States after that time, and

   (c) the defendant did not obtain the express consent of the United States Attorney General or the Secretary of the Department of Homeland Security for permission to reenter the United States.

4. Mr. Soto-Tapia will enter a voluntary plea of guilty to the indictment in this case.

Factual Basis

5. Mr. Soto-Tapia will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, Mr. Soto-Tapia acknowledges that:

On or about April 26, 2008, at Woodstock, Illinois, in the Northern District of Illinois, Western Division, defendant, an alien who had previously been deported and removed from the United States, was present and found in the United States without having previously obtained the express consent of the United States Attorney General or the Secretary of the Department of Homeland Security for permission to reenter the United States, in violation of 8 U.S.C. §1326.

More specifically, Mr. Soto-Tapia admits that he was born in Mexico and is a citizen of Mexico. After coming to the United States, he was deported in or about January 2003. Mr. Soto-Tapia subsequently reentered the United States. He did not seek or obtain the authorization of the Attorney General or the Secretary of the Department of Homeland Security before reentering. On April 26, 2008, as charged in the indictment in this case, he was present and found in the United States.

Potential Penalties

6. Mr. Soto-Tapia understands that the charge to which he will plead guilty carries a maximum incarceration sentence of 2 years, with a potential sentencing enhancement of up to 20 years based on a prior conviction, and a maximum fine of $ 250,000. Furthermore, Mr. Soto-Tapia understands that the charge carries a term of supervised release of not more than three years.

7. Mr. Soto-Tapia understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, he will be assessed $100 for the count of conviction, in addition to any other penalty imposed.

Preliminary Sentencing Guidelines Calculations

8. For the purposes of applying the advisory guidelines promulgated by the United States Sentencing Commission pursuant to Title 28, United States Code, Section 994, it is Mr. Soto-Tapia's preliminary position that the following advisory guidelines calculations may apply:

(a) Pursuant to §1B1.11, the November 2007 Sentencing Guidelines should apply unless it is determined that earlier guidelines are more favorable to the defendant and that the ex post facto clause of the United States Constitution prohibits application of the more recent guidelines.

(b) Pursuant to Guideline §2L1.2(a), the base offense level for unlawfully entering the United States is level 8.

(c) Mr. Soto-Tapia understands that a 16-level increase may possibly apply pursuant to Guideline § 2L1.2(b)(1)(A)(ii) if it is determined that defendant was deported, or unlawfully remained in the United States, after a conviction for a felony that is a crime of violence. Mr. Soto-Tapia reserves the right to challenge this increase, if appropriate.

(d) Mr. Soto-Tapia admits his guilt, is extremely remorseful for his crime, and accepts full responsibility for his actions. He understands that a 2-level reduction for acceptance of responsibility under §3E1.1(a) may apply, if this Court finds that he has in fact accepted responsibility for his actions.

(e) Furthermore, Mr. Soto-Tapia informed the Court and the government that he intended to plead in a timely manner, and has plead guilty in a timely manner, thus permitting the

government to avoid preparing for trial. An additional 1-level reduction is therefore appropriate pursuant to §3E1.1(b).

(f) Mr. Soto-Tapia reserves the right to request a downward departure or variance on any grounds he deems appropriate. He understands that any decision to depart or vary from the applicable guidelines lies solely within the discretion of the Court.

9. Mr. Soto-Tapia understands that the probation office and the government will conduct their own investigations and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculations.

10. Errors in calculations or interpretation of any guidelines or laws may be corrected or amended by the defendant prior to sentencing. He may correct these errors or misinterpretations by a statement to the probation office and/or the Court setting forth the disagreement as to the correct guidelines or laws and their application.

Trial Rights and Appellate Rights

11. Mr. Soto-Tapia understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at

4

random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. He would be under no obligation to do so, however, because he is presumed to be innocent and, therefore, need not prove his innocence. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

12. Mr. Soto-Tapia understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. By pleading guilty Mr. Soto-Tapia admits he is guilty and agrees that he should be found guilty. Mr. Soto-Tapia's attorney has explained those rights to him, and

the consequences of his waiver of those rights. Mr. Soto-Tapia further understands that he is waiving all appellate issues that might have been available in connection with exercising his right to trial, and may appeal only the sentence or the validity of his plea of guilty.

Limitations and Consequences of this Plea Declaration

13. Mr. Soto-Tapia understands that the United States Attorney's Office will fully apprize the District Court and the United States Probation Office of the nature, scope, and extent of his conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Mr. Soto-Tapia further understands that he will be able to present evidence in mitigation at the time of sentencing.

14. Mr. Soto-Tapia understands that the sentencing guidelines are no longer mandatory, and that this Court's decision as to what sentence constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. §3553(a) may result in a sentence either within, greater, or less than the applicable sentencing guideline range. Mr. Soto-Tapia understands that the applicable sentencing guideline range is one factor that this Court is required to take into consideration under 18 U.S.C. §3553(a)(4), along with the other required factors under §3553(a).

15. Should this Court refuse to accept Mr. Soto-Tapia's plea of guilty, this Plea Declaration shall become null and void and defendant will not be bound thereto. It is the defendant's position that, should the Court decline to accept his plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later court proceedings pursuant to Federal Rule of Evidence 410.

16. Mr. Soto-Tapia understands that at the time of sentencing, the government and the defendant will be free to make their respective recommendations to the Court as they believe are lawful and appropriate.

17. Mr. Soto-Tapia agrees that this Plea Declaration shall be filed and become part of the record of the case.

18. Mr. Soto-Tapia and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce Mr. Soto-Tapia to plead guilty. Mr. Soto-Tapia further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney.

Signed this 20th day of August, 2008.

*Rafael Soto*
Rafael Soto-Tapia, Defendant

By: _____
Beth W. Gaus
Attorney for Defendant